IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                RESPONDENT

v.          No. 4:05CR40017/No. 4:07CV4106
            No. 4:05CR40021/No. 4:07CV4107
            No. 4:06CR40016/No. 4:07CV4108
            No. 4:06CR40017/No. 4:07CV4109

ARLANDER J. LOGAN                                                                              MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by ARLANDER J. LOGAN, (hereinafter referred to as "Movant") an inmate confined in the Federal Bureau of Prisons.[1] The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.[2]

**A.  Factual Background**[3]:

On September 7, 2005, Movant, along with three other men, robbed the First National Bank of Lewisville, Arkansas. On September 19, 2005, Movant and the same three men robbed the First National Bank of Nashville, Arkansas. The four individuals were arrested on the same day they robbed the Nashville bank. All were charged with bank robbery, the stolen money was recovered,

---

[1] Movant filed one Motion attacking the sentences in each of the four cases in which he was sentenced. The Court has maintained these cases independently. However, because the issues raised in the Motion are identical for each case, the Court enters the same Order in each case and will address all of the issues raised in a single order. Further, within this Report and Recommendation the Court will refer to a single Motion, although a separate Motion is pending in all four cases. All references to the Court's docket will be designated (Doc. No. ___) and will refer to docket entries in Cause No. 4:05CR40017/No. 4:07CV4106, unless specifically noted otherwise.

[2] The undersigned represented Movant in a criminal matter in 1996-97. *See United States v. Logan*, No. 4:96-40012 (W.D. Ark. 1997). That case was unrelated to the cases which underlie the instant Motion.

[3] The factual background in this case is taken from the pleadings of the parties in the pending motions and the Court's files from the underlying criminal cases.

and Movant was placed into custody in the county jail of Howard County, Arkansas.

About a week later on September 27, 2005, Movant escaped from the Howard County Jail. On September 30, 2005, Movant participated in the robbery of the New Mexico Bank & Trust in Bernalillo County, New Mexico. On October 12, 2005, Movanat participated in the robbery of the U.S. Bank in St. George, Utah. At this last robbery, one of the robbers brandished a silver firearm at employees and patrons of the bank. On November 18, 2005, Movant was apprehended in Wichita, Kansas. He was interviewed by the agents of the Federal Bureau of Investigation and admitted participating in the New Mexico and Utah bank robberies. Movant was later transferred back to the Western District of Arkansas.

**B. Procedural Background**:

On September 29, 2005, Movant was indicted by a federal grand jury for bank robbery in connection with the robbery of the First National Bank of Lewisville, Arkansas. *See United States v. Logan*, No. 4:05CR40021 (W.D. Ark. 2006) (Doc. No. 1). Movant was also indicted by the same federal grand jury for bank robbery in connection with the robbery of the First National Bank of Nashville, Arkansas. *See United States v. Logan*, No. 4:05CR40017 (W.D. Ark. 2006) (Doc. No. 1).

Movant was indicted by the federal grand jury sitting in the District of New Mexico and charged by information in the District of Utah for the bank robberies which occurred in those jurisdictions. Pursuant to FED. R. CRIM. P. 20, Movant consented to transfer both cases to the Western District of Arkansas for change of plea and sentencing. These cases were docketed in this district as *United States v. Logan*, No. 4:06CR40016 (W.D. Ark. 2006) and *United States v. Logan*, No. 4:06CR40017 (W.D. Ark. 2006).

Once Movant was back in Arkansas, Mr. John F. Stroud, III, (hereinafter referred to as "Mr. Stroud" or "trial counsel") was appointed to represent him in all of the bank robbery cases. Movant entered a plea of guilty to all four indictments on April 21, 2006. All four cases had a written plea agreement containing a provision that each of the cases "shall be consolidated for sentencing purposes." The four plea agreements set out the maximum possible punishment Movant faced in each case, namely a twenty (20) year maximum for the Arkansas and New Mexico robberies and a twenty-five (25) year maximum for the Utah armed bank robbery.

The government agreed to recommend a sentence within the applicable guideline range at sentencing and to advise the United States Probation Office of the extent of Movant's cooperation. On November 9, 2006, Movant was sentenced by United States District Judge Harry F. Barnes to a term of imprisonment of 292 months, $34,877.50 in restitution, $400.00 special assessment, and five (5) years supervised release, for each plea of guilty.[4] The sentences in each case were ordered served concurrently with each other.

Defendant was advised of his right to appeal the sentences imposed by Judge Barnes in open Court on November 9, 2006. Judge Barnes stated: "Mr. Logan, you are advised that you do have the right to appeal this decision if you feel that you should. That appeal should be filed within 10 days of the entry of the order, which will be ordered either late today or Monday, probably today. So, 10 days would run from this time." (Transcript of November 9, 2006 Sentencing Hearing, p. 19-20).

On November 29, 2006, Movant pled guilty to first degree battery and escape in the Circuit Court of Howard County, Arkansas. (Doc. No. 80, Exhibit 2). He was also represented in this state

---

[4] The Pre-sentence Report produced a guideline range of 292-365 months imprisonment in this case. The Court sentenced the Movant to the lowest sentence within the applicable guideline range.

court proceeding by Mr. John F. Stroud, III. He was sentenced to a term of imprisonment of thirty (30) years with fifteen (15) years to be served concurrently and fifteen (15) years consecutively to the previously imposed federal sentence described above. The written plea statement in the state proceeding specifically stated that fifteen (15) years of the state sentence would be served "consecutively." (Doc. No. 80, Exhibit 2). Further, Mr. Stroud states in his affidavit that "the plea agreement Mr. Logan voluntarily entered into, called for a period of incarceration, fifteen years to run concurrent with his Federal sentence and an additional term of incarceration on his escape charge, 15 years to run consecutive to his federal sentence." (Doc. No. 80, Exhibit 1).

Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on November 20, 2007. He seeks a correction of his guideline calculation and "at least [a] 140 month sentence reduction." He alleges seven grounds for relief from the sentence imposed in the criminal cases. First, he alleges Mr. Stroud failed to inform him of the decision not to appeal the sentences imposed. Second, he alleges Mr. Stroud incorrectly informed him the federal sentence imposed would be served concurrently to a 180 month state sentence. Third, he alleges Mr. Stroud failed to object to a sentencing two-level enhancement for obstruction of justice. Fourth, he alleges Mr. Stroud failed to investigate and interview witnesses, specifically co-defendant Oscar Brany-Feble. Fifth, he alleges Mr. Stroud failed to challenge the District Court's refusal to give Movant any reduction to this total offense level for acceptance of responsibility. Sixth, he alleges Mr. Stroud accepted private payment after being appointed to represent Movant in the Federal cases. Seventh, he alleges Mr. Stroud failed to properly object to "several major mistakes and errors" in the pre-sentence investigation report.

The United States of America (hereinafter the "Respondent") responds that all of the grounds

for relief allege ineffective assistance of counsel. Respondent asserts the Movant can show neither cause nor prejudice to establish his claims of ineffective assistance.

C. **Standards for Relief Pursuant to Section 2255[5]**:

    1. Relief on the Merits of the claims. Title 28 United States Code, Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, to prevail on a § 2255 motion, the movant must demonstrate a violation of the Constitution or the laws of the United States. *See Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003). A motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). *Accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995).

    Section 2255 relief *is not* available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice ("actual innocence"). *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir.1988) (*per curiam*). The "cause and prejudice" that must be shown to resuscitate a procedurally

---

[5] The Court notes the instant motion is timely filed. The Judgment and sentence in this case were filed on November 14, 2006. Movant had ten (10) days to file an appeal of the sentence, or until November 24, 2006. He filed the instant motion on November 20, 2007, within one-year of the sentence becoming final.

defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). "Actual prejudice" requires a showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002). Further, the movant must show there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense. *See id.*

To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998). "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense]." *Id*. (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

2. Entitlement to an Evidentiary Hearing. A Section 2255 movant is entitled to an evidentiary hearing unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. This Court has discretion in determining whether to hold an evidentiary hearing. *See Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001)("We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion."). In order to determine if a movant under § 2255 is entitled to an evidentiary hearing, the Court must consider the validity of his claim for § 2255 relief. *See id.* More specifically, "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).

In this case, the Court concludes that no evidentiary hearing is required. Neither Movant nor Respondent requests such a hearing and, more importantly, the record shows that Movant is entitled to no relief on any of his ineffective assistance of counsel claims, as is explained in more detail below. *See* 28 U.S.C. § 2255; *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005).

3. Ineffective Assistance of Counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. *See Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States." ).

The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir.2003) ( "When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings." ). Therefore , Movant can raise these claims in this proceeding and was not required to raise them on direct review. All of the claims in the instant case are based on an assertion of ineffective assistance of counsel. Thus, whether or

not Movant in this case is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, the Movant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test requires the movant to show (1) "his counsel's performance was deficient" and (2) he was "prejudice[d]." *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir.2005).

The "deficient performance" prong requires the movant to "show that his counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland,* 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). To satisfy this prong, the movant must overcome the *strong presumption* that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Davis*, 423 F.3d at 877.

Assuming a movant establishes deficient performance by counsel, he must then establish prejudice to overcome the presumption of reasonable representation. To satisfy this "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different ... [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449

F.3d at 898 (quoting *Strickland*, 466 U.S. at 694).  It is not enough for the movant to show that the errors of counsel had some conceivable affect on the outcome of the proceeding.  There must be a reasonable probability that but for counsel's errors the result would have been different.  *See id.  See Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (citations omitted).

**D.  Discussion of Specific Claims of Ineffective Assistance**:

    1.  <u>Failure to file direct appeal</u>.  Movant asserts his trial counsel, Mr. Stroud failed to file a direct appeal despite the fact that counsel "knew I wanted to file a[n] appeal." (Doc. No. 73 at p. 4).  Counsel's failure to file a notice of appeal after being instructed to do so constitutes ineffective assistance of counsel.  *See Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000). Failure to file a notice of appeal when directed to do so is considered to be prejudicial *per se*, so that the movant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal.  *See United States v. Sanchez-Maldonado*, No. CR-04-4055, 2008 WL 4911853 at *9 (8th Cir. Nov. 14, 2008)(citations omitted).  In this case, Movant was notified by the District Court on the day of his sentencing that he had ten (10) days in which to file a notice of appeal of the sentence imposed.  Further, trial counsel, by affidavit, stated that Movant did not indicate he desired to appeal and did not contact trial counsel again until  almost one year had elapsed from the date of sentencing.  The time period to file an appeal had long since expired by the time Movant contacted trial counsel.  Therefore, there is no basis for relief on this claim.

    2.  <u>Informing Movant that state and Federal sentences would be concurrent</u>.  Movant asserts his trial counsel informed him prior to being sentenced in the underlying criminal cases that the Federal sentences would be served concurrently with a state court sentence.   Trial counsel in his

affidavit (Doc. No. 80, Ex. 1) states that he never made any statement to Movant regarding the Federal sentence being served concurrently with the state court sentence. In fact, Movant was sentenced in Federal court on November 9, 2006. He was not even plead guilty in state court until November 29, 2006. At the time of the imposition of the federal sentence, there had been no state sentence imposed. Thus, the District Court could not have ordered concurrent sentences. Further, on November 29, 2006, Movant indicated on the written plea statement filed in the state court case that he was aware of the fact that the recommended state court sentence was for thirty (30) years, *with fifteen (15) years to be served consecutively*. (Doc. No. 80, Ex. 2). Trial counsel also signed that plea statement indicating he had explained the entire document to the Movant. There is no basis for relief on this claim.

3. <u>Failure to challenge sentencing enhancement for obstruction of justice</u>. Movant asserts trial counsel was ineffective for failing to challenge the 2-level enhancement for obstruction of justice based on Movant's escape from custody a few days after his first arrest and prior to his participation in the bank robberies in New Mexico and Utah. Movant claims a co-defendant, Brany-Feble, who escaped from custody with Movant, challenged the 2-level obstruction of justice enhancement at sentencing and was not assessed that enhancement.

The United States Sentencing Guidelines, Section 3C1.1, provide for a 2-level enhancement for obstruction of justice "during the investigation, prosecution or sentencing" of a criminal offense. Application Note 4(e) to Section 3C1.1 lists escape as one example of obstruction of justice for which the enhancement should apply. There is no dispute Movant escaped from custody after being arrested for the Arkansas bank robberies. He pled guilty to the escape in state court three weeks after he was sentenced by the District Court in the federal cases. The District Court clearly applied the

2-level enhancement of Section 3C1.1 properly when determining the guideline sentence range for Movant.

In order to establish ineffective assistance of counsel, Movant must first establish that his counsel's actions or inactions are outside the wide range of conduct for competent counsel. *See Davis*, 423 F.3d at 877. Here, Movant's trial counsel was also his counsel in the state proceeding, and presumably knew Movant was charged with escape and would plead guilty in state court to escape. Movant had in fact escaped from custody and committed other crimes following the escape to which he also pled guilty in federal court. Section 3C1.1 provides for the 2-level enhancement, and trial counsel's conduct in not objecting to that enhancement does not fall outside presumptively competent representation. Further, because the Section 3C1.1 enhancement was properly applied by the District Court, Movant has not shown prejudice.

The only issue remaining on this claim is the assertion that co-defendant Brany-Feble was not given the same 2-level enhancement despite being *charged* with the same conduct as Movant. Movant offers no claim that the factual circumstances established at his sentencing were similar to co-defendant Brany-Feble's factual circumstances or the level of Brany-Feble's culpability. Therefore, the Court finds Movants claim in this regard meritless.

4. <u>Failure to investigate and interview witnesses</u>. Movant next alleges trial counsel failed to obtain testimony or a statement from co-defendant Brany-Feble regarding the extent of Movant's involvement in the New Mexico bank robbery and Movant's knowledge that a firearm would be used in the robbery. Presumably, Movant made trial counsel aware of the possible testimony from Brany-Feble prior to his sentencing. At the sentencing hearing on November 9, 2006, the District Court specifically asked Movant if he was satisfied with his attorney.

> Court:  Are you satisfied with your attorney, Mr. Stroud?
>
> Defendant:  Yes, sir.
>
> Court:  Do you feel that he has properly, adequately, professionally, competently represented you?
>
> Defendant:  Yes, sir.

Transcript p. 4, Nov. 9, 2006 Sentencing Hearing.  The other defendants and the consolidation of the four bank robbery cases were all discussed at the sentencing hearing.

Trial counsel filed a motion for downward departure and argued that motion to the Court at the sentencing.  A reviewing court must not succumb to the temptation to view counsel's defense through the distorting prism of hindsight.  *See Fretwell v. Norris*, 133 F.3d 621, 623-24 (8th Cir.1998).  It is easy to conclude that a trial strategy was unreasonable after it has proved unsuccessful.  However, trial tactics and strategies must be examined in light of counsel's perspective at the time they were devised.  *See id.*  Here, Movant does not establish that trial counsel's actions in this regard were other than the result of his considered, strategic or tactical decision making process.  As such, Movant can not show that trial counsel's action in this instance fall outside the wide range of presumptively reasonable representation.

     5.  Failure to obtain "acceptance of responsibiliy" adjustment.[6]    In making this claim, Movant specifically asserts trial counsel was ineffective for failing to obtain a decrease in his total offense level calculation for his "acceptance of responsibility" for his criminal conduct.  The pre-sentence report in the underlying criminal case did not recommend Movant receive a reduction for

---

[6] In Ground Five, Movant also claims trial counsel failed to "disclose promises to witness." However, he does not state in any fashion what witness or promise trial counsel failed to disclose nor does he indicate how any such alleged failure to disclose a promise to a witness negatively impacted his case.

-12-

acceptance of responsibility. Movant claims he readily admitted his own conduct in robbing the Nashville, Arkansas, bank and told law enforcement about the Lewisville, Arkansas robbery as well. The Respondent objected to Movant receiving an adjustment for acceptance of responsibility because of his escape from custody following the Arkansas bank robberies.

Ordinarily, when a criminal defendant receives an enhanced sentence because of his own obstructive conduct, he is not entitled to the acceptance of responsibility adjustment under the guideline calculation. *See* United States Sentencing Guideline Section 3E1.1, App. Note 4. "A defendant may receive both an obstruction-of-justice enhancement and an acceptance-of-responsibility reduction in an 'extraordinary case,' but such a case is 'extremely rare.'" *United States v. Stoltenberg*, 309 F.3d 499, 500 (8th Cir. 2002) (citing *United States v. Honken*, 184 F.3d 961, 969 (8th Cir.) *cert. denied*, 528 U.S. 1056, 120 S.Ct. 602, 145 L.Ed.2d 500 (1999)). A defendant's pre-trial escape from a detention center shows that he does not accept responsibility for his criminal conduct. *See United States v. Cox*, 921 F.2d 772, 773 (8th Cir. 1990).

Here, Movant committed two bank robberies and was arrested. Following his arrest, he admitted his conduct. He then escaped, fled the jurisdiction, and committed two additional bank robberies, including one in which a firearm was brandished at bank employees. All of these facts were well known to trial counsel at the time of the sentencing hearing. Trial counsel instead sought to pursue a downward departure from the guideline calculation based on Movant's assistance to law enforcement following his second arrest in Utah and return to Arkansas. Movant has not demonstrated that trial counsel's decisions regarding the sentencing phase of this trial fall outside the presumptively reasonable action of competent counsel. Further, even if the Court assumes trial counsel should have raised the issue of the District Court's failure to grant a reduction for acceptance

of responsibility, Movant was not entitled to such reduction and thus has not been prejudiced.

      6. <u>Acceptance of private payment by appointed counsel</u>.   Movant asserts that trial counsel, Mr. Stroud, accepted private payment after being appointed to represent Movant in the federal criminal cases.  He also alleges trial counsel "promised a specific deal with my federal and state sentence[s] which did not happen."  This claim is not precisely a claim of ineffective assistance of counsel.  Trial counsel admits in his affidavit he was retained by Movant's family to represent Movant in the state court proceedings.  As noted above on the "Plea Statement" signed by the Movant on the day of his state court sentencing he acknowledged that he understood the charges and the recommended sentence.  (Doc. No. 80, Ex. 2).  The fact that the sentence in the state court was to have a fifteen (15) year consecutive component was plainly indicated just below the signature of the Movant.  Further, Movant does not allege that trial counsel acted in an incompetent fashion, nor does he allege any prejudice to the outcome of his criminal case as a result of trial counsel receiving payment for representing Movant in the state court prosecutions.  There is no basis for relief on this claim.

      7. <u>Failure to object to errors in the Pre-sentence Investigation Report</u>.  Movant does not allege any specific failure to object in this claim.  Rather he simply states there are "several major mistakes and errors in that report that can reduce my sentence by at least140 months."  Movant fails to set forth any independent allegation of ineffective assistance of counsel regarding this claim for relief.  To establish ineffective assistance, he must show his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Rice*, 449 F.3d at 897.  Because Movant fails to allege even a single action or inaction on the part of his trial counsel in support of this claim, nor point out what "several mistakes and errors" in the

pre-sentence report were made, the seventh ground for relief should be denied.

Further, the Movant, at his sentencing hearing, was specifically asked, by the District Court, about whether he had an opportunity to review the Pre-sentence Report.

Court:  Mr. Logan, have you seen it [Pre-sentence Report]?

Defendant:  Yes, sir.

Transcript p. 7, Nov. 9, 2006 Sentencing Hearing.  Movant was also given the opportunity to address the District Court before sentence was imposed.  Transcript p. 13-15, Nov. 9, 2006 Sentencing Hearing.  At no time did Movant indicate to the District Court that he believed there were mistakes or errors with any of the findings contained in the Pre-sentence Report.

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion (Doc. No. 73) be **DENIED**[7]

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **5th** day of December, 2008.

    /s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE

---

[7] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart*, 726 F.2d 1316 (8th Cir.1984).